## In re PORTLAND ELECTRIC POWER CO.
### No. B–23986.
### No. 1031½.

United States District Court
D. Oregon.

Nov. 25, 1946.

See also, D.C., 97 F.Supp. 857.

Clarence D. Phillips, Portland, Or., for debtor.

Ralph H. King, Portland, Or., for independent trustees of debtor.

Frederick M. DeNeffe, Paul E. Kern, Portland, Or., for Bondholders Committee.

W. Stevens Tucker, San Francisco, Cal., for Securities & Exchange Commission.

Charles A. Hart, Portland, Or., Edgar G. Crossman and Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Guaranty Trust Co.

Justin N. Reinhardt, Portland, Or., for First Preferred Stockholders.

MacCormac Snow, Harry Beckett, Robert T. Mautz and V. Lyle McCroskey, Portland, Or., for Prior Preference Stockholders.

JAMES ALGER FEE, Chief Judge.

There has been sent to the judge of this court a letter dated November 19, 1946, from one who claims to own some of the issue of the Portland Electric Power Collateral Trust Income 6s due 1950, and who claims to be an investment dealer with customers holding these same bonds in compliance with his recommendation. The writer makes recommendation to the court as to the future course of these proceedings and as to disposition of a petition made by one of the parties to this litigation and heretofore presented in open court and denied. The letter is printed in the margin.[1]

1. "As owner of some of the issue of Portland Electric Power Collateral Trust Income 6s due 1950 and as an investment dealer with customers holding these bonds in compliance with my recommendations, I have been following very closely the developments in the reorganization of this Company.

"With considerable interest, I have noted the recent petition of the Guaranty Trust Company of New York, as Trustee for the bondholders, to the Securities & Exchange Commission. Therein the Trustee requested that the bondholders be paid their claims for principal and interest in cash or, as a second alternative, that they be paid in cash and Portland General Electric common stock *after* Fifteen Per Cent of this stock was sold in order to establish a market valuation and basis of settlement.

The court in the past has commented upon and discouraged any attempts to communicate with the judge in these cases, personally, as to the conduct of, or the action to be taken in these premises, or as to questions of law or questions of fact which were to be presented in open court. In most instances no drastic action has been taken. This court makes no practice of answering these personal communications, nor of being influenced by them. For the most part, they come from ignorant persons holding classes of stock which may not even be represented by attorneys in the proceeding. Usually these are placed in the file without comment. Here, a speculative buyer of these bonds, who has also for profit advised clients to purchase these bonds, asks the judge of this court to back up his recommendations to his clients.

The court will not be influenced by this communication either. The petition referred to has already been passed upon. However, the proceeding is still pending and there is some suggestion that the same question will be raised from time to time again in the proper and orderly manner. Here is not the evil. The evil lies in the fact that one who has a financial interest in the result of civil litigation conceives himself entitled to try to color the mind of the judge in his interest by a letter. Traders in securities of public utility companies who have influenced other persons to buy such obligations have had in the past their share in inducing public calamity. While the court does not prejudge the writer of this letter on that account, the act here speaks for itself. Any pressure upon the court, or attempts to influence judges by communication outside of court, savors of an attempt to obstruct justice.

The court directs that the letter be placed on file in the case with this opinion.

"In view of the bondholders' prior claim and in the light of present market conditions on seasoned securities, it is my thought that favorable reception of the Guaranty's petition will provide fair and equitable treatment for the bondholders as well as other claimants. I hope this petition will receive your approbation."

See also, D.C., 97 F.Supp. 857.

